ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MARK POMERANZ Y OTROS<br><br>Recurridos<br><br>v.<br><br>RODOLFO SÁNCHEZ COLBERG Y OTROS<br><br>Peticionarios | TA2025CE00223 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Casos Núm.:<br>FA2024CV00397<br>RG2024CV00251<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 11 de septiembre de 2025.

**I.**

La parte peticionaria del título presentó el 30 de julio de 2025 un *certiorari* para revisar la *Orden* emitida y notificada el 1 de junio de 2025.[1] En la decisión, el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI), declaró **ha lugar** la *Oposición a: Moción urgente en solicitud de orden al Registrador [de la Propiedad]* que incoó la parte recurrida,[2] en respuesta a la solicitud de los peticionarios.[3] En consecuencia, el TPI rechazó emitir un mandato al Registrador de la Propiedad para cancelar la inscripción de aviso de demanda, que el recurrido había solicitado el 7 de mayo de 2024, mediante el asiento 2024-052113-CR03.[4] Ello, como producto de la *Demanda* instada en el caso civil FA2024CV00397, sobre incumplimiento de contrato de opción de compraventa de un inmueble

---

[1] Entrada 111 (FA2024CV00397) del Sistema Unificado de Manejo y Administración de Casos (SUMAC). Los errores señalados en el recurso fueron los siguientes:

Erró el TPI al indicar que Pomeranz tenía un derecho real inscrito como base para su ejercicio.

Erró el TPI al no reconocer que la anotación preventiva realizada por Pomeranz era contraria a derecho, ya que no cumplía con los requisitos del Artículo 45 de la Ley Núm. 210-2015, conocida como la Ley Hipotecaria, por lo que era indispensable que solicitara una orden judicial para que el Registrador pudiera practicar la anotación. La omisión de este requisito hace que el asiento registral sea defectuoso y no sujeto a subsanación.

[2] Entrada 105 del SUMAC.
[3] Entrada 94 del SUMAC.
[4] Véanse, Anejos A y B de la entrada 105 del SUMAC.

sito en Río Grande, cumplimiento específico, daños y perjuicios.[5] La parte peticionaria solicitó infructuosamente la reconsideración del dictamen.[6] El 2 de julio de 2025, el TPI sostuvo su determinación y expresó que la anotación preventiva se realizó conforme a Derecho.[7]

El 1 de septiembre de 2025, sin entrar en los méritos de los errores señalados, la parte recurrida se opuso a la expedición del *certiorari*, al palio del ordenamiento procesal que gobierna tanto al tribunal *a quo* como a este foro intermedio.[8] Evaluados los planteamientos de los comparecientes, procedemos a discutir el marco jurídico atinente.

**II.**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). A diferencia de la apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de *certiorari* de manera discrecional. *García v. Padró, supra*. El Tribunal Supremo de Puerto Rico ha definido *discreción* como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *Id.*, que cita a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Por ende, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera..." *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964), citado con aprobación en *García v. Padró, supra*, págs. 334-335.

---

[5] Entrada 1 del SUMAC. De otro lado, en el caso RG2024CV00251, luego de instada la reclamación civil del recurrido, el Sr. Mark Pomeranz, y anotado en el Registro de la Propiedad el aviso de demanda por éste solicitado, la parte peticionaria, los esposos Rodolfo Sánchez Colberg y Beatriz Marie Capote Ortiz, cedió a título gratuito la propiedad inmueble en controversia al Fideicomiso Inversiones SAN-CAP. Entonces, el ente jurídico instó un pleito distinto de desahucio sumario contra el señor Pomeranz. Ambos casos fueron consolidados por virtud de una *Orden* emitida el 17 de octubre de 2024 y notificada el día 21 siguiente. Entrada 62 del SUMAC.

[6] Entrada 113 del SUMAC.

[7] Entrada 117 del SUMAC.

[8] La parte recurrida se reservó el derecho de presentar su alegato en caso de la expedición del auto discrecional.

No obstante, el ejercicio de la discreción no significa hacer abstracción del resto del Derecho, ya que ese proceder constituiría, en sí mismo, un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, pág. 176. Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *García v. Padró, supra*, pág. 335

Es sabido que la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en las cuales este foro intermedio tiene autoridad para atender los recursos de *certiorari*. La regla procesal fija taxativamente los asuntos aptos para la revisión interlocutoria mediante el recurso de *certiorari*, así como aquellas materias que, por excepción, ameritan nuestra intervención adelantada, ya fuese por su naturaleza o por el efecto producido a las partes. *800 Ponce de León v. AIG, supra*, pág. 175.

En síntesis, la Regla 52.1 de Procedimiento Civil, *supra*, dicta que solamente podemos atender el recurso discrecional para revisar resoluciones u órdenes interlocutorias bajo las Reglas 56 y 57 o de la denegación de una moción de carácter dispositivo. Además, por excepción, podemos revisar órdenes o resoluciones interlocutorias que recurran determinaciones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Id.* **En el caso de denegar la expedición de un recurso de *certiorari*, no estamos obligados a fundamentar nuestra decisión**. *Id.*

Además del examen objetivo antes descrito, para ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos

o denegamos un recurso de *certiorari,* nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de certiorari,* según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025).

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estas guías deben aplicarse al recurso en cuestión de manera integral, no fragmentada, sin menoscabar una razonada discreción judicial y siempre en ánimo de impartir justicia apelativa. Claro está, **es norma firmemente asentada que este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional**, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto*". (Cursivas en el original). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018); *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 771 (2013); *Ramos Milano v. Wal-Mart,* 168 DPR 112, 121 (2006); *Rivera y otros v. Banco Popular,* 152 DPR 140, 155 (2000); *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

**III.**

Luego de un análisis sosegado, decidimos no intervenir en la causa del epígrafe. No sólo es evidente que el asunto no está contemplado entre las materias de la Regla 52.1 de Procedimiento Civil, *supra*, sino que tampoco está presente ninguno de los criterios que establece la Regla 40 de nuestro Reglamento, *supra*, que nos persuada para expedir el auto de *certiorari*. A la luz de las antedichas normas, procede que nos abstengamos de expedir el auto solicitado y se sostenga la decisión interlocutoria. Además, nótese que más allá de que la anotación preventiva de demanda fue objeto de la oportuna calificación registral en mayo de 2024, estimamos que el TPI actuó de manera ponderada al evaluar la totalidad de los escritos sometidos en ambos casos consolidados y las controversias ante su consideración. La deferencia al juicio y discreción del foro primario está cimentada en que los foros apelativos no podemos pretender disponer ni manejar el trámite ordinario de los casos que se ventilan ante el foro primario. No existe duda de que dicho tribunal es el que mejor conoce las particularidades del caso y el que está en mejor posición para tomar las medidas que permitan el adecuado curso hacia la disposición final.

Por las razones antes expresadas, denegamos expedir el recurso de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Notifíquese a la parte recurrida, el Sr. Mark Pomeranz.[9]

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[9] El 8 de septiembre de 2025, el Lcdo. Yamil Jaskille y el Lcdo. Wilfredo Rodríguez Adorno solicitaron el relevo de la representación legal del recurrido e informaron que su correo electrónico es markpomeranz@icloud.com.